FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 2 3 2003

CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TARIQ BASHIR, et al similarly situated,

    Plaintiff,

v.      No. CIV-03-0349 MV/LFG

JOHN SHANKS,
RON LYTLE,
ART MURPHY,
ADDUS MEDICAL SERVICES,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff is confined to a wheelchair. Plaintiff claims that Defendants

have denied him certain protections of the Americans With Disabilities Act, and that his living conditions and the denial of necessary medical treatment violate his Eighth Amendment rights. The caption indicates that Plaintiff also asserts claims of similarly situated inmates. He alleges he has exhausted administrative remedies, and the complaint asks for damages and injunctive relief to correct the offending conditions of his confinement.

The complaint contains no allegations against Defendant Shanks, the Secretary of the New Mexico Department of Corrections, affirmatively linking him to the asserted violations. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *Id.* Furthermore, no relief is available on Plaintiff's claims on behalf of other inmates. "A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). These claims will be dismissed.

Plaintiff may not proceed on his damages claims against the state employee Defendants in their official ("professional") capacities. Claims against these Defendants are equivalent to claims against the State itself, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), and thus allegations against these Defendants fail to state claims against "persons" for purposes of § 1983. *Will*, 491 U.S. at 71. "The Supreme Court held in *Will* that 'neither a State nor its officials acting in their official capacities are "persons" under § 1983. As we explained . . . , "a governmental entity that is an arm of the state for Eleventh Amendment purposes" is not a "person" for section 1983 purposes.'" *McLaughlin v. Bd. of Tr. of State Coll.*, 215 F.3d 1168, 1172 (10th Cir. 2000) (internal citations omitted). Plaintiff's damages claims against these Defendants will

2

be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant Shanks, the damages claims against state employee Defendants in their official ("professional") capacities, and the purported claims on behalf of other inmates are DISMISSED with prejudice, and these parties are DISMISSED from this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue summonses, with notice and waiver forms, for Defendants Lytle, Murphy, and Addus Medical Service.

　　　　　　　　　　　　　　　　　　　　／s／ _____
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE